**In re DONALD SHELDON & CO., INC. Debtor.**

**Don L. Horwitz, Trustee for the Liquidation of Donald Sheldon & Co., Inc, Plaintiff,**

**v.**

**Donald Sheldon, Defendant.**

**No. 97 Civ. 8235 RO.**

United States District Court, S.D. New York.

April 25, 2000.

Harold E. Pizzetta, Kaye, Scholer, Fierman, Hays & Handler, LLP, John W. Schryber, for Don L. Horwitz, Trustee for the Liquidation of Donald Sheldon & Co., Inc.

### OPINION AND ORDER

OWEN, District Judge.

This case began in 1985, when the Securities and Exchange Commission filed a complaint against Donald Sheldon & Co., Inc. for violation of securities law. Don L. Horwitz was appointed as trustee to liquidate the company. In 1989, the trustee commenced an adversary proceeding against Donald Sheldon, the former presi-

---

**4.** The motion also fails to comply with the procedural requirements of Rule 11.

dent and chairman of Donald Sheldon & Co., claiming that Sheldon had breached his fiduciary duties by making improper loans and thus wasting the company's assets. In a bifurcated trial, a jury returned a finding of liability against Sheldon. The jury in the subsequent damages trial found that Sheldon was liable to the company for over $9 million, not including interest. Judgment was entered on February 26, 1993.

The Bankruptcy Judge thereafter held Sheldon in contempt for failure to appear at depositions pertaining to collection of the judgment, from which Sheldon filed a notice of appeal and then vanished until the United States Marshals found him over two years later on November 10, 1995.

In November 1996, Sheldon pleaded guilty to a misdemeanor criminal contempt for his flight, and was sentenced to six months incarceration. Sheldon then attempted to resuscitate his appeal and retained legal counsel. On March 27, 1997, his counsel, William A. Rome of Jaffe and Asher, filed a "Motion to Reinstate the Appeal" in this Court, claiming that the language "pending the resolution of Mr. Sheldon's fugitive status" in the Memorandum dismissing the appeal implicitly permitted the appeal to be resumed after Sheldon's years as a fugitive. I dismissed this motion as frivolous, and on a motion for sanctions, which I imposed against Sheldon and his counsel under Rule of Bankruptcy Procedure 9011, I stated that "[t]he motion to reinstate the appeal was neither well grounded in fact nor warrant-

ed by existing law; moreover, no reasonable attorney could have thought it was." I imposed $67,199.23 in attorneys fees against Sheldon and his attorney Rome. *See In re Donald Sheldon & Co., Inc.,* No. 93 Civ. 4209 (RO), 1997 WL 728415 (S.D.N.Y. Nov.21, 1997). The attorney paid half and got a release. Sheldon has never paid any part of the remainder.

The trustee then endeavored to depose Sheldon. The Bankruptcy Court ordered this deposition, which was then stayed pending appeal. At a hearing before me on February 13, 1998, I ordered Sheldon to submit to the deposition and to provide certain discovery sought by the trustee to aid in the trustee's ongoing investigation of the location and extent of assets available to satisfy the trustee's judgment against Sheldon. In this order, Sheldon was directed to produce to the trustee, at his upcoming deposition, all documents concerning Sheldon's finances generated during the two-year period from February 1996 to February 1998.[1] Sheldon made no objection to this order of production at that time.

Sheldon appeared for the ordered deposition on February 20, 1998, but asserted the Fifth Amendment privilege to many of the questions, including whether he had brought the financial documents he had been ordered to produce on February 13, 1998. Sheldon, however, had previously made statements in a brief to the Second Circuit concerning the area of his finances.[2] Thus, I directed he answer the questions. He continued to assert the Fifth Amendment. The only Fifth

---

1. Sheldon was ordered to produce "all documents relating to Mr. Sheldon's bank accounts, credit & financial situation, tax returns, [and] drafted tax returns" for the previous two years at deposition. (Schryber Aff. Ex.1 at 13).

2. Sheldon's papers to the Court of Appeals included the following statements:

"I have had to spend all my available resources in time and money to fight this trustee and his counsel."

"Legal expenses beyond what Federal Insurance has covered have been enormous and funds had to be borrowed from friends and family."

"I have been prevented from doing anything significant that can earn me any money simply because I do not have any time."

Furthermore, he requested an extension of time from the Court of Appeals because of his new employment, but thereafter asserted the Fifth Amendment as to whether he was paid by or received a W2 from that employer when deposed on February 20, 1998.

Amendment claim I upheld was in response to a question concerning whether Sheldon had filed income tax returns for the period prior to 1996. Faced with his refusal to provide documents and answer questions, I ordered Sheldon forthwith incarcerated in civil contempt.

Sheldon remained so incarcerated well over a year until mid-1999. At that time, Sheldon's counsel contacted the trustee's counsel and indicated that Sheldon had agreed to provide testimony and documents regarding his income and assets in order to obtain release from prison. On this representation, on June 4, 1999, I permitted his release and again ordered Sheldon to produce financial documents at the subsequent deposition. Sheldon was deposed on July 21, 1999. At this time, Sheldon did provide verbal substantive answers to certain questions regarding his income and assets. During the deposition, Sheldon also acknowledged that he had not filed income tax returns for the years 1991–1995 (which he had been ordered to file by Magistrate Judge Eaton in a criminal contempt proceeding), and that he knew it is a crime to fail to file income tax returns. However, although Sheldon did answer certain questions about his finances at this deposition, he again failed to produce relevant documents as to the foregoing.[3]

The trustee has now issued a written demand to Sheldon to produce all documents in his possession concerning his finances. Sheldon has refused to do so. Accordingly, the trustee now moves to compel production of these documents concerning Sheldon's income and assets. Sheldon has not filed any opposition to this motion, and oral argument was waived.

For the reasons set forth below, the trustee's motion is granted in its entirety.

"A witness who fails to invoke the Fifth Amendment against questions as to which he could have claimed it is deemed to have waived his privilege respecting all questions on the same subject matter." *United States v. O'Henry's Film Works, Inc.,* 598 F.2d 313, 317 (2d Cir. 1979) (citing *Rogers v. United States,* 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951)). If the privilege is waived to testimonial admissions, it is waived as to documentary admissions on the same subject matter as well. *See Rogers,* 340 U.S. at 371, 71 S.Ct. 438, *United States v. St. Pierre,* 132 F.2d 837 (2d Cir.1942). Sheldon has provided statements about his finances, income and assets on two occasions in this action-in papers submitted to the Second Circuit Court of Appeals and in his July 21, 1999 deposition testimony.[4] Therefore, he has waived the privilege as to all documents bearing on the same subject matter as well. Accordingly, the trustee's motion to compel production of Sheldon's documents concerning his income, assets and finances that Sheldon is currently withholding under a claim of Fifth Amendment privilege is granted. Sheldon is ordered to produce these documents at 40 Centre Street, Courtroom 1106, on May 4, 2000 at 2:30 p.m, or face a possible further contempt finding.

So ordered.

---

3. Indeed, Sheldon's repeated failure to produce documents is consistent with his actions as characterized by Bankruptcy Judge Conrad: "Mr. Sheldon has engaged in every gymnastic procedural exercise that he can do to avoid paying what a jury found he owes and this could go on forever." *See In re Donald Sheldon & Co., Inc.,* 1997 WL 728415, at *2.

4. In so doing, Sheldon waived the Fifth Amendment privilege as to whether he filed income tax returns for the period prior to 1996, which I had previously upheld, and he waived the privilege as to documents concerning his income and assets existing as of May 1997, which was previously upheld by the Bankruptcy Court.